# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| POURYA MALEK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFERY GREEN, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00263-BLF<br><br>**ORDER (1) DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO VACATE AND STAY CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES AND (2) CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF 19] |

　　　　Defendants Jeffery Green, Lance Sandri, and Elisardo Favela (collectively, "Defendants") filed a motion to vacate and stay the case management conference ("CMC") scheduled for June 8, 2017, as well as all discovery deadlines associated with the CMC pending resolution of Defendants' motion to dismiss. Mot., ECF 19. For the reasons set forth below, Defendant's request for a stay of discovery is DENIED. However, the Court CONTINUES the CMC to August 10, 2017, at 11:00 a.m.

　　　　This case arises from an alleged search and seizure of Plaintiff Pourya Malek in his home on February 4, 2016. Compl. ¶ 1, ECF 1. Plaintiff brings claims under 42 U.S.C. §§ 1983 and 1988, alleging violations of his First, Second, and Fourth Amendment rights under the United States Constitution, as well as the laws and Constitution of the State of California. *Id.* Defendants filed a motion to dismiss on February 22, 2017, and approximately one month later filed the instant motion. ECF 15, 19.

　　　　"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that

effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-prong test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. 13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

Defendants seek a stay of discovery because according to them, their motion to dismiss is dispositive of the entire case and can be decided without discovery. Mot. 2. Specifically, Defendants contend that qualified immunity and multiple state law immunities bar Plaintiffs' claims, and that qualified immunity "confers upon officials a right, not merely to avoid standing

2

trial but also to avoid the burdens of such pretrial matters as discovery." *Id.* (citing and quoting *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (citations and internal quotation marks omitted)). Defendants also assert that lead counsel will be on paternity leave from April 3, 2017, through June 5, 2017, and that the current discovery, meet-and-confer, and ADR deadline associated with the June 8 CMC overlap with his paternity leave. Mot. 4; Rogoyski Decl. ¶ 4, ECF 19-1.

In opposition, Malek argues that Defendants' motion is not necessarily dispositive. Opp'n 3, ECF 31. To that end, Malek disputes Defendants' assertion that qualified immunity or state law immunities apply to Plaintiff's state law claim. *Id.* Moreover, Plaintiff challenges Defendants' assertion that no discovery should be allowed in this action until after Defendants' preliminary qualified immunity arguments are resolved. *Id.* at 2. Instead, Malek argues that because the motion is unlikely to be dispositive, discovery should be allowed to proceed so that he can resolve this case expeditiously. *Id.* at 2–3. To accommodate defense counsel's paternity leave, Malek offered to limit any discovery to only written discovery and the exchange of initial disclosures, and to postpone the CMC. *Id.* at 4.

Although the Court finds probable that the motion to dismiss could be decided without discovery, it is unclear whether Defendants' motion to dismiss will be dispositive of the entire case. Indeed, a "preliminary peek" at Defendants' motion to dismiss and Malek's opposition reveals that issues of qualified immunity and state law immunities are the subjects of reasonable dispute, such that it cannot be confidently said that Defendants will succeed in ending the action or that their arguments are entirely meritorious. For example, Defendants cannot prevail on their argument that they had probable cause to arrest Malek unless the Court agrees with their characterization that their mistake of law was reasonable. *See* Mot. to Dismiss 6, ECF 15; Opp'n to Mot. to Dismiss 7, ECF 18; *Rudebusch v. Hughes*, 315 F.3d 506, 514 (9th Cir. 2002) (explaining that the qualified immunity standard "allows ample room for reasonable error on the part of the official," including "mistakes of fact and mistakes of law" (brackets omitted)).

Accordingly, and for the reasons set forth herein, the Court DENIES Defendants' motion to stay the CMC and all discovery deadlines associated with the CMC pending the outcome of the

Case 5:17-cv-00263-BLF   Document 24   Filed 03/30/17   Page 4 of 4

motion to dismiss.  Nevertheless, in light of defense counsel's paternity leave, the Court CONTINUES the CMC until August 10, 2017, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: March 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge