UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POURYA MALEK,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFERY GREEN, et al.,<br><br>    Defendants. | Case No. 17-cv-00263-BLF<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO STAY ALL DISCOVERY** |

Plaintiff Pourya Malek ("Malek") brings this civil rights suit against Officers Green, Favela, and Sandri (collectively, the "Officers") (together with Malek, the "Parties") for violations of 42 U.S.C. § 1983 and various state law claims. The Officers filed a motion to dismiss in which they asserted qualified immunity with respect to five of Malek's § 1983 claims including: (1) unlawful arrest; (2) unlawful entry into Malek's home to arrest; (3) excessive force; (4) unlawful post-warrant search with respect to Officers Sandri and Favela; (5) retaliation. *See generally* ECF 15. Following the hearing on the Officers' motion to dismiss on August 31, 2017, the Parties filed supplemental briefing regarding the Officers' insistence that they are immune from all discovery. *See* ECF 46, 47.[1] On September 27, 2017, this Court granted in part with leave to amend and denied in part the Officers' motion to dismiss the Complaint. ECF 49. The Court found that as currently pled, qualified immunity applies to the five § 1983 claims that the Officers moved to dismiss. The Court also dismissed Malek's Bane Act claim and claim for false arrest and imprisonment under state law. *Id*. Malek was given leave to amend the complaint to plead additional facts to support the dismissed federal and state claims. *Id*.

---

[1] The Officers also have a pending motion for leave to file a noticed motion for a protective order before Magistrate Judge Howard R. Lloyd in this action. ECF 39.

The Court construes the Officers' supplemental brief on this matter as a renewed request to stay *all discovery* in this case pending the final resolution of their qualified immunity defense. The Court has considered the Parties' briefing and the relevant authority on the issue. For the reasons that follow, the Officers' request to stay all discovery is DENIED.

The Court recognizes that "qualified immunity is an affirmative defense from suit, not merely from liability." *Doe By & Through Doe v. Petaluma City Sch. Dist.*, 54 F.3d 1447, 1449–50 (9th Cir. 1995). Thus, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). The Supreme Court has held that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quotation omitted); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed"). However, while "[d]iscovery involving public officials is indeed one of the evils that *Harlow* aimed to address…neither that opinion nor subsequent decisions create an immunity from *all* discovery." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998). For example, the Supreme Court has recognized "that limited discovery, tailored to the issue of qualified immunity, will sometimes be necessary before a district court can resolve a motion for summary judgment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 973 (9th Cir. 2009).

Importantly, "the doctrine of qualified immunity does not shield defendants from state law claims." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013). Neither the Supreme Court nor the Ninth Circuit has addressed the impact of a discovery stay on a plaintiff's assertion of parallel state law claims. In the absence of a mandatory stay, the Court retains "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

The Officers believe they are entitled to "immunity from all discovery." *See* ECF 47. They argue that they should not be ordered to engage in any discovery, including meeting and conferring with Malek to develop a discovery schedule, until there is a final determination on their qualified immunity defenses. *Id*. ¶ 2. The law is not so broad such that an automatic stay of *all discovery* is warranted every time a defendant asserts qualified immunity with respect to certain claims in a lawsuit. The Officers point to no authority requiring the Court to stay all discovery in the circumstances here, where a federal claim and multiple state law claims have now ripened beyond the pleading stage.

The Officers previously requested a stay of all discovery deadlines in this case. ECF 19. The Court denied the Officers' motion because it was "unclear whether Defendants' motion to dismiss will be dispositive of the entire case." ECF 24. Indeed, the motion was not dispositive. *See* ECF 49. Certain claims have ripened, and the Court allowed Malek leave to amend the federal and state law claims that were dismissed. *Id*. If a First Amended Complaint is filed, the Officers anticipate filing a further motion to dismiss based on qualified immunity. ECF 47, ¶ 8.

Malek argues that discovery should proceed because *Harlow* only protects the Officers from "broad-reaching" discovery, and because qualified immunity does not shield defendants from state law claims. ECF 46. The Officers concede that neither the Supreme Court nor the Ninth Circuit has addressed whether a defendant's assertion of qualified immunity with respect to federal claims also requires a discovery stay of parallel state law claims. ECF 47, ¶¶ 3, 5. Nevertheless, the Officers advance the policy argument that if state claims are "intertwined with the same nucleus of operative fact" as the federal claims, all discovery should be stayed. *Id*. ¶ 4.

The Parties do not address the issue, noted in the Court's Order on the motion to dismiss, that Malek's Complaint also alleges a Fourth Amendment violation for an unreasonable search and seizure against Officer Green. The Officers did not move to dismiss the claims against Officer Green for judicial deception or for his responsibility for the execution of the search warrant. Therefore, the issue of qualified immunity on these federal claims was never before the Court. In fact, "qualified immunity is generally unavailable in a judicial deception case." *Ewing v. City of Stockton*, 588 F.3d 1218, 1228 n.16 (9th Cir. 2009) (citing *Branch v. Tunnell,* 937 F.2d

3

1382, 1387 (9th Cir.1991) *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Thus, there is no basis to stay discovery concerning Officer Green's alleged conduct related to his procurement and execution of the search warrant.

As for the five § 1983 claims that the Court dismissed with leave to amend, the Court finds that discovery as to those claims should not move forward unless and until they ripen beyond the pleading stage. *Harlow* certainly supports the proposition that when a defendant asserts the qualified immunity defense against a claim for a constitutional violation, "discovery should not be allowed" until the threshold immunity question is resolved. 457 U.S. at 819. However, simply because discovery is appropriately stayed as to those claims currently subject to qualified immunity, nothing in *Harlow* or its progeny mandates that the Court stay "all discovery" in the case. Rather, the Supreme Court recognized that "[t]he *Harlow* right to immunity is a right to immunity *from certain claims,* not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (emphasis in original).

The Officers argue that Malek's "parallel state law claims do not change the analysis" regarding a stay of discovery as to federal claims. ECF 47. The Court disagrees. Malek asserted state law claims for a violation of the Bane Act, negligence, assault and battery, and false arrest or imprisonment. *See generally* Complaint, ECF 1 ("Compl."). The Court dismissed the Bane Act claim, as well as the claim for false arrest or imprisonment because as pled, the Officers had probable cause to arrest Malek. *See* ECF 49. The Court did not dismiss Malek's claims under state law for negligence and assault and battery, with the exception that Officers Sandri and Favela are entitled to statutory immunity for their conduct related to the execution of the search warrant. Although discovery on Malek's negligence and assault and battery claim may overlap with the now dismissed excessive force claim, there is no requirement that the Court stay discovery on parallel state law claims.[2] Indeed, the Officers acknowledge an absence of controlling authority on the issue, and instead cite to cases for the non-controversial position that some district courts

---

[2] The Court dismissed Malek's excessive force claim under the second prong of qualified immunity. However, these allegations adequately pled state law claims for negligence and assault and battery. ECF 49.

4

exercise their inherent discretion differently than others. ECF 47, ¶¶ 3-4. As such, discovery shall proceed with respect to the remaining state law claims.

It is not in the interests of judicial economy, nor required by law, for the Court to stay all discovery and unnecessarily prolong this case. Malek has alleged federal claims against Officer Green for his procurement and execution of the search warrant, as well as state law claims against the Officers for negligence and assault and battery. Proceeding with discovery does not prejudice the Officers or "destroy" the benefit articulated in *Harlow*.

The Parties are directed as follows:

(1) The Officers' request to stay all discovery is DENIED;

(2) Discovery shall be stayed with respect to the claims that were dismissed in the Court's September 27, 2017 Order;

(3) Discovery shall proceed with respect to the federal claims against Officer Green for his procurement and execution of the search warrant, as well as the surviving state law claims for negligence and assault and battery with the exception that Officer Favela and Officer Sandri are statutorily immune from liability for their execution of the search warrant;

(4) All further discovery disputes are properly directed to Judge Lloyd who has the authority to fashion protective orders as needed to protect the Parties in light of the circumstances of this case.

(5) The Parties shall meet and confer to develop a pre-trial schedule including discovery deadlines and submit a proposed schedule to the Court **on or before October 20, 2017.**

**IT IS SO ORDERED.**

Dated: September 29, 2017

_____
BETH LABSON FREEMAN
United States District Judge